J-S05026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER STEELE | : | |
| | : | |
| Appellant | : | No. 848 WDA 2022 |

Appeal from the PCRA Order Entered June 8, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001105-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: MARCH 7, 2023**

Christopher Steele appeals, *pro se*, from the order, entered in the Court of Common Pleas of Erie County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

In December 2018, Steele was sentenced to an aggregate sentence of 66-180 months' incarceration after being found guilty by a jury of aggravated assault, reckless endangerment, possession of an instrument of crime, and criminal use of a communication facility.  Steele filed a timely motion for

---

[1] On December 7, 2022, our Court granted the Commonwealth's application for an extension of time within which to file its brief.  We ordered that the brief be filed on or before January 4, 2023.  To date, the Commonwealth has not filed a brief.

reconsideration asserting an **Apprendi**[2] issue as well as an excessiveness of sentence claim. While his motion was pending, Steele filed a direct appeal[3] and a *pro se* PCRA petition, a motion to proceed *in forma pauperis*, and a motion for the appointment of PCRA counsel.[4] On February 7, 2019, the trial court denied Steele's motion to reconsider. On February 28, 2019, the trial court dismissed, "as prematurely filed," Steele's *pro se* PCRA petition and motions, due to his pending direct appeal.[5] **See** Order, 2/28/19.[6] On July 6,

_____

[2] **See Apprendi v. New Jersey**, 530 U.S. 466 (2000) (holding every factor necessary to defendant's punishment must either be admitted or found by jury beyond reasonable doubt).

[3] Technically, our Court should have quashed Steele's appeal as premature. **See Commonwealth v. Borrero**, 692 A.2d 158, 159-60 (1997) (if post-sentence motions filed, judgment of sentence does not become final for purposes of appeal until trial court disposes of motion or motion deemed denied by operation of law; Court required to quash appeal "[b]ecause we are precluded from exercising jurisdiction over appeals from non[-]final orders or judgments."); **see also** Pa.R.Crim.P. 720, Comment ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending.").

[4] The Erie County Clerk of Records forwarded these *pro se* motions to counsel-of-record, Robert Barbato Jr., Esquire. **See** Pa.R.Crim.P. 576(A)(4). **See also Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) (petitioner's *pro se* motion filed while petitioner represented by counsel is impermissible hybrid representation). "[I]ndeed, [such] *pro se* motion[s] have no legal effect, and, therefore, are legal nullities." **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

[5] The *pro se* petition alleged ineffectiveness of trial counsel, a constitutional violation, after-discovered evidence, and an illegality of sentence claim.

[6] On March 5, 2019, counsel filed a motion to reinstate Steele's appellate rights *nunc pro tunc* due to counsel's failure to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 12, 2019, this Court

2020, our Court reversed Steel's criminal use conviction on the basis of insufficient evidence, affirmed his remaining convictions, and remanded for resentencing. *See Commonwealth v. Steele*, 234 A.3d 840 (Pa. Super. 2020). Steele was resentenced on August 18, 2020, to an aggregate term of 57-180 months of incarceration, followed by a three-year probationary tail.

On August 21, 2020, Steele filed a *pro se* PCRA petition. On September 2, 2020, the trial court appointed PCRA counsel, who filed a "supplement" to Steele's PCRA petition.[7] On October 20, 2020, the PCRA court gave Steele Pa.R.Crim.P. 907 notice of its intention to dismiss his petition without a hearing. Steele did not file a response. On December 3, 2020, the PCRA court denied the petition. Steele filed a timely collateral appeal. Our Court affirmed

---

granted the motion to reinstate Steele's appellate rights *nunc pro tunc* and ordered Steel to file his Rule 1925(b) statement by March 25, 2019. However, on May 7, 2019, our Court dismissed the appeal due to counsel's failure to file an appellate brief. *See* Order, 5/7/19. On July 22, 2019, counsel filed a motion to reconsider dismissal of the appeal, alleging that he had recently been appointed to represent Steele and "had not been able to obtain the case file for th[e] matter" by the briefing deadline. *See* Motion To Reconsider, 7/22/19. Subsequently, Steele filed a *pro se* application for relief seeking appointment of new counsel. On August 2, 2019, our Court entered an order reinstating Steele's appeal, directing the trial court to determine whether counsel has abandoned Steele and to "take further action as the court may deem necessary." Order, 8/2/19. On remand, the trial court held a hearing and determined that Steele's new attorney "will comply with all necessary requirements pursuant to [Steele's] pending appeal." Trial Court Order, 8/29/19.

[7] Steele alleged trial counsel was ineffective for failing to seek enforcement of a plea agreement that was purportedly reached at the magisterial level.

the PCRA court's order. ***Commonwealth v. Steele***, 270 A.3d 1152 (Pa. Super. 2021) (Table).

On April 14, 2022, Steel filed the instant *pro se* PCRA petition. On April 20, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Rule 907. Steele filed a *pro se* response to the court's Rule 907 notice and, on June 8, 2022, the PCRA court dismissed Steele's petition.

Steele filed a timely *pro se* notice of appeal and court-ordered Rule 1925(b) statement. On appeal, Steele presents the following issues for our consideration:

(1) Whether the [PCRA court] abused [its] discretion and committed reversible error in denying [Steele's] PCRA petition without an evidentiary hearing . . . where disputed issues of factual matters exist involving [d]ue [p]rocess and [d]ouble [j]eopardy violations of the United States and Pennsylvania Constitutions that entitle [Steele] to [PCRA] relief[.]

(2) Whether the [trial judge] failed to find that Magistrate Paul A. Bizzarro erred and abused his discretion when he failed to record the terms of the original plea agreement arrived at before him in [c]ourt [which] substantially prejudiced [Steele] and violated [his] [d]ue [p]rocess [rights.]

(3) Whether the [PCRA court erred by] fail[ing] to find that the Magistrate Paul A. Bizzarro erred and abused his discretion when he failed to conduct a colloquy record of [Steele's] original plea of guilt [which] substantially prejudice[d Steele] and violat[ed Steele's] [d]ue [p]rocess [rights.]

(4) Whether the [PCRA court erred by] fail[ing] to find that the Magistrate Paul A. Bizzarro erred and abused his discretion when he arbitrarily cancelled [Steele's] original disposition/[Steele's] original plea of guilt [and] violated [Steele's] [d]ue [p]rocess and [d]ouble [j]eopardy [rights.]

(5) Whether the [PCRA court erred by] fail[ing] to find that the District Judge John A. Bozza erred and abused his discretion in failing to make the necessary determination to conduct an adequate search into the ambiguities with the plea agreement [and] violate[d Steele's] [d]ue [p]rocess [rights.]

(6) Whether the Hon[orable] John J. Mead failed to find that the [Honorable] John J. Gerhart erred and abused his discretion when he failed to remain fair and impartial towards [Steele] before, during, and after trial [and, thus,] violat[ed Steele's] [d]ue [p]rocess and [d]ouble [j]eopardy [rights.]

(7) Whether the [PCRA court erred by] fail[ing] to find that the totality of the Commonwealth's conduct substantially prejudiced [Steele] before, during, and after trial [and, thus,] violated [Steele's] [d]ue [p]rocess and [d]ouble [j]eopardy [rights.]

(8) Whether the [PCRA court] failed to find that all [of Steele's] prior counsel prejudiced [him] in their combined layered ineffective assistance of counsel [by] failing to provide [Steele] with meaningful counsel[.]

(9) Whether the [a]ppellate [c]ourt erred and abused its discretion in denying [Steele's] (1st) PCRA [a]ppeal attempt when it made its determination based upon a self-serving statement from ineffective counsel[,] rather than independently investigating the record . . . especially where there was no record[.]

(10) Whether the [PCRA court] erred and abused [its] discretion when he failed to find that [Steele's] current (2nd) PCRA petition should be an extension of [his] (1st) PCRA appeal attempt since [Steele] was prejudiced by ineffective assistance of counsel on his (1st) PCRA attempt[.]

Appellant's Brief, at x-xii.

When reviewing an order denying PCRA relief, we must "determine whether it is supported by the record and is free of legal error." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

- 5 -

> [T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

*Id.* at 297 (citations and some punctuation omitted).

Before we may address Steele's issues on appeal, we must first determine whether the PCRA court had jurisdiction to consider his PCRA petition. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *Id.* *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within one year of the date the claims could have been presented." *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in

- 6 -

nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Here, Steele's judgment of sentence became final on September 18, 2020, when the time expired for him to file a direct appeal. ***See*** Pa.R.A.P. 902. Thus, Steele had until September 18, 2021, to file a timely PCRA petition. The current petition, filed on April 14, 2022, is, therefore, patently untimely. Thus, unless Steele pleads and proves a timeliness exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. ***See Commonwealth v. Jackson***, 30 A.3d 845 (Pa. 2012) (if PCRA petition deemed untimely and no exception pled and proven, petition must be dismissed without hearing because court lacks jurisdiction to consider merits of petition).

Because Steele's petition does not plead, let alone prove, any PCRA timeliness exception, his petition is time-barred. ***See Commonwealth v. Brown***, 111 A.3d 171 (Pa. Super. 2015) (where petitioner neither acknowledged untimeliness of petition nor alleged any exception to PCRA time-bar, petitioner failed to "plead and prove" any section 9545(b)(1) exception); ***see also Commonwealth v. Wharton***, 886 A.2d 1120, 1126 (Pa. 2005) ("Exceptions [to the PCRA jurisdictional time-bar] cannot be raised for the first time on appeal[.]"). Thus, the trial court properly dismissed Steele's petition. ***Cousar***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2023